IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joe R. Blurton, | ) |
|               Plaintiff, | ) |
| vs. | ) Case No. 3:10-cv-96 |
| Paul Laney, Cass County Sheriff, Birch Burdick, Cass County States Attorney, Cherie Clark, Cass County Assistant States Attorney, all in their official and individual capacities, | ) **REPORT AND RECOMMENDATION AND ORDER** |
|               Defendants. | ) |

Plaintiff Joe R. Blurton ("Blurton"), an inmate at the James River Correctional Center, submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983. (Doc. #5). The court previously granted Blurton's motion for leave to proceed *in forma pauperis*. (Doc. #4). Blurton also filed a motion to appoint counsel (Doc. #6) and a motion for expedited review under 28 U.S.C. § 1915 (Doc. #9). When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the complaint prior to service upon the defendants. 28 U.S.C. § 1915A(a). Blurton's motion for expedited review under 28 U.S.C. § 1915 (Doc. #9) is **GRANTED**.

## Summary of Recommendation and Order

Defendants Birch Burdick and Cherie Clark are immune from suit for actions taken within the scope of their prosecutorial duties. Sheriff Paul Laney, in his official capacity, is immune from suit for money damages pursuant to the Eleventh Amendment. Blurton's claims that he was denied assistance of counsel at his arraignment and that his bail was excessive fail to state a claim against Sheriff Paul Laney in his individual capacity. Blurton's claim that he was held by Cass County Sheriff Paul Laney for 245 days without a preliminary hearing and without a signed arrest warrant is without merit. Blurton is not entitled to an injunction or the

declaratory relief he seeks in this action. It is **RECOMMENDED** that Blurton's complaint be **DISMISSED** with prejudice as to Birch Burdick, Cherie Clark, and Paul Laney in his official capacity, and that the above claims as to Sheriff Paul Laney in his individual capacity also be **DISMISSED** with prejudice.

Blurton's complaint is incomplete as to his claims that he was denied legal mail and that his property was lost or stolen upon his arrest. The court will allow Blurton a chance to amend his complaint as to those claims, specifically addressing Sheriff Paul Laney's role in the alleged constitutional violations. Blurton must also state whether he exhausted his administrative remedies or whether no administrative remedies exist. Blurton shall amend his complaint by completing Local Form A and returning it to the court by Friday, April 1, 2011. The court will conduct an initial review of the amended complaint prior to service upon defendant Paul Laney in his individual capacity. See 28 U.S.C. § 1915A(a). If Blurton fails to amend his complaint by the specified date, it will result in a recommendation that his case be dismissed in its entirety.

### Plaintiff's Complaint

Blurton was charged with and pled guilty to the crime of gross sexual imposition. See State v. Blurton, Cass County, Case No. 09-07-K-03531. Blurton claims he was held in the Cass County Jail by Sheriff Paul Laney for 245 days without a preliminary hearing and without a signed arrest warrant. Blurton also claims he was denied assistance of counsel at his arraignment; his bail was excessive; he was denied legal mail; and all of his personal property, including a credit card, that was seized upon his arrest was either lost or stolen.

The majority of Blurton's complaint discusses his alleged damages. Blurton seeks compensatory damages as follows: $1955 for the personal property that was lost or stolen upon

2

his arrest, which includes $500 for unauthorized credit card charges; $9181 for a Corvette that Blurton was unable to recover from an impound lot after his arrest, allegedly because he was denied legal mail; $6350 for property that was inside the Corvette; $20,000 for property within Blurton's apartment that he could not recover after his arrest, allegedly because he was denied legal mail; $5000 for tools that Blurton left at a job site; $500 for a deposit on a home that he lost; $24,500 for lost wages during the 245 days Blurton was allegedly held without a preliminary hearing; and $74,705.31 for employee-owned stock that Blurton lost because he was not able to return to his job.

    Blurton seeks an injunction and declaratory relief. Blurton claims he is entitled to a declaration that he does not have to undergo a sex offender assessment, that he does not have to participate in treatment, that he does not have to register as a sex offender, that he will not be placed on probation upon his release, and that he cannot be civilly committed. Blurton seeks to enjoin the defendants from enforcing the terms of his sentence, which presumably includes supervised probation, from undergoing a sex offender assessment and treatment, and from registering as a sex offender. Blurton also seeks to enjoin defendants from filing a petition in the state court to have him civilly committed as a sexually dangerous individual.

    Blurton seeks punitive damages against Cass County Sheriff Paul Laney for incarcerating Blurton without a signed arrest warrant and for denying Blurton his legal mail. Blurton requests punitive damages in the amount of $250,000 to correspond to the amount of his allegedly excessive bail.

    Finally, Blurton seeks nominal damages in the amount of one dollar from defendants Birch Burdick and Cherie Clark for prosecuting him. Blurton aleges the attorneys maliciously

prosecuted him knowing the charge of gross sexual imposition was not supported by probable cause.

### Review of the Complaint

Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review a prisoner's complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To establish a claim under 42 U.S.C. § 1983, Blurton must allege the defendants deprived him of a constitutional right, and that the defendants acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). The court must liberally construe the allegations of Blurton's *pro se* complaint, but the complaint must still contain specific facts supporting its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1182-83 (8th Cir. 1981).

**I.       Claims as to Prosecuting Attorneys Birch Burdick and Cherie Clark**

Prosecutors acting within the scope of prosecutorial duties are absolutely immune from lawsuits brought pursuant to 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 424-28 (1976). This immunity extends to claims of malicious prosecution. Id. at 428. Accordingly, it is **RECOMMENDED** that the complaint be **DISMISSED** with prejudice as to States Attorney Birch Burdick and Assistant States Attorney Cherie Clark.

**II.      Claims as to Sheriff Paul Laney**

The Eleventh Amendment bars an action for monetary damages against state officials

acting in their official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, it is **RECOMMENDED** that plaintiff's complaint, insofar as it seeks monetary damages against Sheriff Paul Laney in his official capacity, be **DISMISSED** with prejudice.

Blurton's claims that he was denied assistance of counsel at his arraignment and that his bail was excessive fail to state a claim against Sheriff Paul Laney in his individual capacity. Appointment of counsel and determining the amount of bail are functions that lie solely within the discretion of the judicial officer.  It is **RECOMMENDED** that those claims be **DISMISSED** with prejudice.

Blurton's claim that he was held by Cass County Sheriff Paul Laney for 245 days without a preliminary hearing and without a signed arrest warrant is without merit.  Blurton states in his complaint that he was arrested in Ramsey County on September 2, 2007, and was later transferred to Cass County where he was arraigned on September 6, 2007.  Sheriff Paul Laney was responsible for promptly bringing Blurton before the court for an initial appearance. See Hayes v. Faulkner County, 388 F.3d 669, 673 (8th Cir. 2004); see also N.D.R.Crim.P. 5 (after arrest an officer must bring the arrested individual before the nearest magistrate judge without unnecessary delay).  Sheriff Paul Laney was not responsible for scheduling court appearances after Blurton was initially brought before the court.  Sheriff Paul Laney did not hold Blurton for 245 days without bringing him before the court, and Blurton does not allege he was not promptly brought before the court.  Blurton admits in his complaint that he waived his right to a preliminary hearing.  (Doc. #5, p. 3).  The court has reviewed Blurton's appellate brief filed with the North Dakota Supreme Court on appeal from the state district court's judgment of conviction

and notes that plaintiff admitted in his brief to waiving his right to a preliminary hearing on October 4, 2007. See http://www.ndcourts.gov/_court/calendar/20090009.htm, Appellant Brief, p. 4. It is **RECOMMENDED** that Blurton's claim that he was held by Cass County Sheriff Paul Laney for 245 days without a preliminary hearing and without a signed arrest warrant be **DISMISSED** with prejudice.

Blurton claims all of his personal property that was seized upon his arrest was either lost or stolen. Blurton's claim appears in the "damages" section of his complaint and does not contain supporting facts. Blurton simply states, "All personal belongings seized at arrest were either lost or stolen, [and were] not returned to plaintiff upon transfer to the North Dakota State Prison." (Doc. #5, p. 4). Based on this statement alone, the court is unable to find that Blurton has stated a claim for relief. Blurton said he was arrested in Ramsey County, and that the property seized upon his arrest was either lost or stolen. Blurton does not provide facts demonstrating how Cass County Sheriff Paul Laney was involved in the alleged constitutional violation. Blurton is **ORDERED** to amend his complaint to provide facts supporting his allegation as to Sheriff Paul Laney.

Blurton's final claim is that he was denied legal mail. This claim also appears in the "damages" section of Blurton's complaint and does not contain supporting facts. Plaintiff alleges the "Cass County Sheriff denied legal mail and a power of attorney was kept from plaintiff for his son . . .". (Doc. #5, p. 4). Blurton also states he "was . . . unable to have power of attorney by his [son] due to a willfull (sic) and malicious act of with[h]olding mail by the Cass County Sherif[f]." Id. at p. 5. Blurton does not state what *legal* mail was withheld. Legal mail is mail to or from a court or an attorney. Based on Blurton's statements it appears only

correspondence between Blurton and his son was withheld. The court is unable to find that Blurton has stated a claim for relief based on the statements that appear in the "damages" portion of his complaint. Blurton is **ORDERED** to amend his complaint to provide facts supporting his allegation that Sheriff Paul Laney denied him legal mail.

Blurton has not stated whether he has exhausted his administrative remedies, or if there are no administrative remedies available. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). It is **ORDERED** that Blurton amend his complaint to specifically state whether he exhausted his administrative remedies, or whether no administrative remedies exist as to his claims that his property was lost or stolen and that Sheriff Paul Laney denied him legal mail.

## III.     Request for an Injunction or Declaratory Relief

Blurton is not entitled to an injunction or the declaratory relief he seeks in this action. Blurton essentially requests this court to overturn his conviction so he does not have to register as a sex offender, and to overturn Blurton's sentence and release him from his terms of probation, including those which mandate that Blurton undergo a sex offender assessment and comply with treatment. Challenges to the validity of a conviction or sentence are required to be brought pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475 (1973).

Blurton is not entitled to an injunction precluding the state from filing a petition in the state court to have him civilly committed as a sexually dangerous individual. Blurton admittedly pled guilty to gross sexual imposition. If the state chooses to file a petition for civil

commitment, Blurton will at that time have an opportunity to present his case before the state court. It is **RECOMMENDED** that Blurton's complaint as to his request for an injunction or declaratory relief be **DISMISSED** with prejudice.

### Motion to Appoint Counsel

Blurton states he needs the assistance of counsel because his complaint contains complex issues and the law library at the James River Correctional Center is inadequate. A civil litigant has no constitutional or statutory right to have appointed counsel. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see also 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel in a civil case, "[a] district court is to decide whether the plaintiff and the court will substantially benefit from appointment of counsel, considering the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony, and the ability of plaintiff to present his claim." Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (citations omitted). The factual and legal issues raised by Blurton in his complaint are not so complex and numerous that the appointment of counsel would materially benefit either Blurton or the court. Blurton has demonstrated at least a threshold ability to articulate his claims. Blurton's motion to appoint counsel (Doc. #6) is **DENIED**.

### Conclusion

Defendants Birch Burdick and Cherie Clark are immune from suit for actions taken within the scope of their prosecutorial duties. Paul Laney in his official capacity is immune from suit for money damages pursuant to the Eleventh Amendment. Blurton's claims that he was denied assistance of counsel at his arraignment and that his bail was excessive fail to state a claim against Sheriff Paul Laney in his individual capacity. Blurton's claim that he was held by

Cass County Sheriff Paul Laney for 245 days without a preliminary hearing and without a signed arrest warrant is without merit. Blurton is not entitled to an injunction or the declaratory relief he seeks in this action. Accordingly, **IT IS RECOMMENDED** that:

1. Joe R. Blurton's complaint be **DISMISSED** with prejudice as to Birch Burdick, Cherie Clark, and Paul Laney in his official capacity;

2. Joe R. Blurton's claims that he was denied assistance of counsel at his arraignment, his bail was excessive, and that he was held for 245 days without a preliminary hearing and without a signed arrest warrant be **DISMISSED** with prejudice; and

3. Joe R. Blurton's complaint as to his request for an injunction or declaratory relief be **DISMISSED** with prejudice.

**IT IS ORDERED** that:

1. Joe R. Blurton's motion for expedited review under 28 U.S.C. § 1915 (Doc. #9) is **GRANTED**; and

2. Joe R. Blurton's motion to appoint counsel (Doc. #6) is **DENIED**.

**IT IS FURTHER ORDERED** that:

1. Joe R. Blurton amend his complaint by **Friday, April 1, 2011** as to his claims that he was denied legal mail and his property was lost or stolen. Blurton shall state the facts supporting his claims and specifically identify Sheriff Paul Laney's role in the alleged constitutional violations. In his amended complaint, Blurton must also state whether he exhausted his administrative remedies, or whether no administrative remedies exist. Blurton shall amend his complaint by completing

9

      Form A from the "Local PLRA Complaint Packet."  Failure to amend the complaint by the specified date will result in a recommendation that Blurton's case be dismissed in its entirety; and

2.      The Clerk of Court send Blurton a copy of Form A from the "Local PLRA Complaint Packet" along with this Report and Recommendation and Order.

The court will conduct an initial review of Blurton's amended complaint prior to service upon defendant Sheriff Paul Laney in his individual capacity.  <u>See</u> 28 U.S.C. § 1915A(a).

Dated this 14th day of March, 2011.

                                                                            /s/ *Karen K. Klein*
                                                                            Karen K. Klein
                                                                            United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than Friday, April 1, 2011 a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.