IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joe R. Blurton, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 3:10-cv-96 |
| Paul Laney, Cass County Sheriff, in his official and individual capacity, | ) **REPORT AND RECOMMENDATION** |
|         Defendant. | ) |

Plaintiff Joe R. Blurton ("Blurton"), an inmate at the James River Correctional Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. On initial review the complaint was dismissed with prejudice as to all claims against Birch Burdick and Cherie Clark, and as to all claims against Paul Laney, except for the incomplete claims regarding denial of legal mail and lost or stolen property. (Doc. #23). Blurton submitted an amended complaint as to the incomplete claims, and a supplement to the amended complaint. (Doc. #18, Doc. #19). After reviewing the amended complaint pursuant to 28 U.S.C. § 1915A(a), it is **RECOMMENDED** that it be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

**Amended Complaint**

Blurton was charged with and pled guilty to the crime of gross sexual imposition. See State v. Blurton, Cass County, Case No. 09-07-K-03531. He alleges that upon his arrest for the charge, his vehicle was seized and was subsequently stolen and destroyed. He states that the person who stole his vehicle also went to his apartment and stole all of his belongings. Blurton claims that an employee at the Cass County Jail would not allow him to complete an insurance claim regarding the destruction of his vehicle, and would not allow him to file a police report

with the Williston Police Department. Blurton states that his insurance company sent forms to the Cass County Jail, but that an employee in the mail room, Angie, did not allow him access to his mail. He also alleges that he did not receive other mail sent to him, specifically letters involving his efforts to have his son appointed as his power of attorney.

Blurton alleges that Sergeant Gail Wischmann refused to release Blurton's property or mail to him. He states that he "assume(s) the jail guards used [his] credit cards." He also claims that upon his transfer to the North Dakota State Penitentiary, he did not receive his clothing from the Cass County Jail. Blurton states that in December 2007 he wrote a letter to Sheriff Paul Laney, but he does not mention the subject or content of that letter.

Blurton seeks compensatory damages for losses due to the withholding of his mail, for losses due to his inability to file a police report, and for losses sustained due to Sheriff Paul Laney and his deputies' failure to protect his property while Blurton was a pretrial detainee. Blurton also seeks punitive damages.

**Supplement**

Blurton submitted a supplement to his amended complaint which consists of eight inmate grievance forms, a letter from the Office of the Sheriff signed by Sergeant Gail Wischmann, a restricted mail form from the Cass County Jail, and two letters from Blurton's insurance company. (Doc. #19). In one inmate grievance form Blurton stated that he was notified by the Williston Police Department that his "vehicle in storage had been stolen and totally destroyed." (Doc. #19, p. 2). Blurton claimed that he repeatedly tried to file a police report and insurance claim, but that "Cass County ha[d] shown arrogance in this matter and a delay of information ha[d] . . . let the suspect jump bail and leave the state." Id. Cass County Jail personnel noted on

2

the grievance form that on the same day as Blurton submitted the grievance, Blurton was connected by phone with the Williston Police Department to file a report, and the day after that he was allowed to call his insurance company.

The rest of the inmate grievance forms involve complaints regarding Blurton's mail. In two grievance forms Blurton stated he was being denied access to a letter from a law office titled "Mountain States Employers Council of Denver Colorado." (Doc. #19, pp. 3, 5). The responses, signed by Angie, "the Mail Room lady," twice stated there was nothing in Blurton's personal property from that law office, and she gave him a list of his property. (Doc. #19, p. 3, 5-6). In several grievance forms Blurton inquired as to what mail was being withheld and complained that he was not receiving mail relating to his professional licenses, his health insurance, and his vehicle insurance. (Doc. #19, pp. 4-8). In response, Angie gave Blurton a photocopy of everything in his property that had been restricted, except a postcard with a picture of a buttocks, and a copy of receipts related to his professional licenses. Id. She explained to Blurton that if there was anything on the list he wanted he could circle the item and attach it to an inmate request. Id. She also informed him that there was no mail related to his health insurance and only envelopes from his vehicle insurance company. (Doc. #19, pp. 6, 8). Blurton also complained in the grievances about no outgoing mail on holidays and the inability to designate someone to pick up his outgoing mail. (Doc. #19, pp 9-10).

The restricted mail form from the Cass County Jail indicates that mail from Dustin Blurton, plaintiff's son, was placed in plaintiff's personal property. (Doc. #19, p. 12) The mail consisted of miscellaneous certificates, a "Nevada power of attorney vehicle description," and credit card applications. (Doc. #19, p. 12). The mail from Dustin Blurton had been received by

the jail prior to the filing of Blurton's inmate grievances and therefore was included in the documents jail personnel photocopied and gave to Blurton in response to those grievances.

One of the letters from Blurton's vehicle insurance company was sent to Wyoming and not the Cass County Jail. (Doc. #19, p. 13). The letter references Blurton's insurance claim for the destruction of his vehicle and states that Blurton must complete a power of attorney form for his claim, and the letter notes the enclosure of the required forms. Id. The second letter is from the insurance company to the North Dakota Department of Insurance regarding the claim. (Doc. #19, p. 14). The letter states that the insurance company was dealing with Blurton's attorney, they were unable to obtain information from the police confirming the reported theft, and they were going to pay for the loss of Blurton's vehicle under his collision coverage. Id.

The letter from the Office of the Sheriff signed by Sergeant Gail Wischmann is apparently in response to the letter Blurton sent to Sheriff Paul Laney. The letter informs Blurton of an address he requested and responds to a question Blurton had asked about his property. The letter explains Blurton's property had been confiscated by the Fargo Police Department, his cell phone was returned to him by the police, all other property remains in Police Department custody, and that if Blurton had any other questions relating to his property he would need to contact the Fargo Police Department. (Doc. #19, p. 11).

## Discussion

To establish a claim under 42 U.S.C. § 1983, Blurton must allege the defendant deprived him of a constitutional right, and that the defendant acted under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). The court must liberally construe the allegations of Blurton's *pro se* complaint, but the complaint must still contain specific facts supporting its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1182-83 (8th Cir. 1981).

Even if the court assumes Blurton has sufficiently stated that he was deprived of constitutional rights, he has not established that Sheriff Paul Laney had anything to do with the alleged violations. A § 1983 complaint must allege facts supporting an individual defendant's personal involvement in or responsibility for the constitutional violations. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir.1999) (citations omitted). Blurton's complaint does not allege that Sheriff Paul Laney was involved with or responsible for the alleged withholding of Blurton's mail, or the alleged inability of Blurton to file a police report or an insurance claim regarding his vehicle. Sheriff Paul Laney was also not involved with or responsible for protecting any of Blurton's property that was not held at the jail while Blurton was a pretrial detainee. The only link Sheriff Paul Laney has to Blurton's allegations is that a letter was sent from an employee of his office to Blurton in response to a letter Blurton sent him requesting an address and inquiring about property that was seized by the Fargo Police Department.

As to Blurton's complaint against Sheriff Paul Laney in his official capacity, a suit against a government employee in his official capacity is actually a suit against the entity for which the employee is an agent. Baker v. Chison, 501 F.3d 920, 925 (8th Cir. 2007) (citation omitted). "When a plaintiff is seeking to impose section 1983 liability on a local government body, the plaintiff must show that there is an official policy or a widespread custom or practice of unconstitutional conduct that caused the deprivation of a constitutional right." Marksmeier v. Davie, 622 F.3d 896, 902 (8th Cir. 2010) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978)). In addition,"in order for municipal liability to attach, individual liability must first be found on an underlying substantive claim." McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005). Blurton has made no allegation or showing that the alleged deprivation

resulted from a county policy or custom, and there is no individual liability on the underlying claims.

Blurton has failed to state a claim upon which relief can be granted against Sheriff Paul Laney. Accordingly, **IT IS RECOMMENDED** that:

1. Blurton's amended complaint (Doc. #18) be **DISMISSED** with prejudice; and

2. The court certify that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.

Dated this 30th day of September, 2011.

                                                /s/ *Karen K. Klein*
                                                Karen K. Klein
                                                United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than October 17, 2011, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.